## EX PARTE WILLIAM SMITH.

### No. 3527.    Decided April 24, 1907.

**Habeas Corpus—City Ordinance—Occupation Tax—Selling Liquor in City.**

Upon trial for habeas corpus, where it was shown that a city had incorporated under the general incorporation laws of the State regulating municipal corporations, the same was not authorized to fix limits or prohibit saloons by ordinance in certain portions of said city; and the relator had a right to a license in any part of such city, on tender of the license fee for the amount due.

Appeal from the County Court of Orange. Tried below before the Hon. W. J. Wingate.

Appeal from a conviction of unlawfully selling malt liquors within certain limits of the city of Orange; penalty, a fine of $25.

The opinion states the case.

*Highsmith & McGregor,* for relator.—A municipal corporation can exercise no power not clearly delegated in the act of incorporation or conferred by the general law if incorporated under a general law, or which arises by necessary implication out of some delegated power under the charter or under the general law under which such corporation exists. Miller v. Burch, 32 Texas, 210; Williams v. Davidson, 43 Texas, 33; Pye v. Peterson, 45 Texas, 313; Davis v. Burney, 58 Texas, 367; Waterbury v. Laredo, 60 Texas, 519; Vosburg v. McCrary, 77 Texas, 572; Ex parte Garza, 28 Texas Crim. App., 381.

If there is a reasonable doubt concerning the existence of a power in a municipal corporation, the rule of construction is that such doubt must be solved by the courts against the corporation and the conclusion reached that such power does not exist. Galveston v. Loonie, 54 Texas, 523; Williams v. Davidson, 43 Texas, 33.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an appeal in a habeas corpus proceeding from the County Court of Orange County. The statement of facts shows that relator was charged by complaint duly filed in the corporation court of the City of Orange, which complaint charged him with the offense of selling malt liquors exclusively within the corporation limits of the City of Orange, without first having paid his city occupation tax, for the sale of malt liquors exclusively within the city

limits. It appears that there was a valid occupation tax levied for the year 1907, amounting to $25; that the City of Orange has an ordinance punishing the offense of selling malt liquors exclusively within the city limits without first paying the occupation tax; that Orange is a city of less than 10,000 inhabitants, and is incorporated under the general laws of the State of Texas; that relator is held by the city marshal of the City of Orange under a proper warrant charging him with such offense issued out of the corporation court of the City of Orange upon proper complaint; that relator has not paid to the City of Orange his occupation tax or license for engaging in the business and pursuing the occupation of selling malt liquors exclusively within the city limits of Orange; that relator is engaged in the sale and keeping for sale malt liquors, as charged in the resident portion of the City of Orange, as the same was defined in the said ordinance; that relator prior to the filing of the said complaint, and prior to engaging in said business, tendered to the tax collector of the City of Orange the sum of $25 in payment of his said tax, which tender was refused by the tax collector of said city because of the following ordinance: "An Ordinance; Regulating the issuance of licenses for the sale of vinous, spirituous and malt liquors in the City of Orange and revoking the licenses issued.

"Be it ordained by the City Council of the City of Orange as follows:

Art. 1. No license shall hereafter be issued to any person, firm, corporation or association for the sale of vinous, spirituous or malt liquors in the residence part of the City of Orange.

Art. 2. For the purposes of this ordinance of this residence portion of the City of Orange is hereby designated as being all that portion of said City lying north of the south side of Main Street and south of the north side of Division Street.

Art. 3. All licenses heretofore granted or issued for the sale of vinous, spirituous or malt liquors within said locality are hereby revoked. Approved October 9, 1906."

On this proof the county judge refused to discharge relator, and held him to answer said offense. Appellant insists that the ordinance in question is without authority of law, because said City of Orange having incorporated under the general incorporation laws of the State regulating municipal incorporations, is not authorized under said general laws to fix limits or prohibit saloons in any portion of said city. We think this contention is correct. We fail to find in the general incorporation act any authority conferred by the general law to fix saloon limits. Those cases where the Legislature, in granting special charters, has authorized certain cities to fix saloon limits, are not applicable to the case here presented, because said ordinance is not authorized by law. Relator had a right to a license in any part of the City of Orange, and on the tender of the license fee for the amount due,

it was incumbent on the city authorities to grant him a license.  The costs incurred in this court are taxed against relator.

The judgment is accordingly reversed and relator discharged.

*Relator discharged.*

Brooks, Judge, absent.